IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON ASHWORTH, ) | |
| ) | No. CV 04-41-CO |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| JOHN WARD, et al., ) | |
| ) | |
| Defendants. ) | |

**PANNER, District Judge:**

Plaintiff Jason Ashworth brings this civil rights action against defendants Josephine County and nine county employees. Plaintiff alleges that during an overnight stay in the county jail, he was severely beaten by guards, chained, pepper sprayed, stripped naked, blindfolded, kicked, and choked until he was unconscious. During this episode, some guards allegedly made statements to the effect that Plaintiff "had the wrong outlook on life" and they were going to "reeducate him." Plaintiff says he sustained serious injuries, but was denied medical treatment by jail personnel. Portions of the incident allegedly were videotaped by a defendant. Plaintiff also alleges an attempt to intimidate witnesses and tamper with evidence.

/ / / /

1 - ORDER

Defendants moved for summary judgment. Plaintiff, now *pro se*, did not respond to the motion, despite being granted a generous extension of time to prepare his response.

Magistrate Judge John Cooney issued his Findings and Recommendation ("F&R") on April 25, 2006. The F&R recommended that the motion for summary judgment be granted in its entirety and the action dismissed. This matter is now before me. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Although Plaintiff did not respond to the F&R, this court has a duty to review the legal principles *de novo*. Lorin Corp. v. Goto & Co., Ltd., 700 F.2d 1202, 1206 (9th Cir. 1983) (absence of objection does not relieve "district court of its obligation . . . to decide for itself whether the Magistrate's report is correct" especially "where, as here, the Magistrate's report, if adopted, would completely dispose of the case").

In evaluating the summary judgment motion, the Magistrate Judge stated: "Plaintiff did not file a concise statement of material facts or a response to the defendants' concise statement. Therefore, defendants' facts are deemed admitted pursuant to Local Rule 56.1(f)."[1] F&R, p. 3, n. 1.

After assuming the facts were as stated by defense counsel, the Magistrate Judge recommended granting Defendants' motion for summary judgment.

---

[1] Local Rule 56.1(f) provides that:

> For purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party, or in the response to the moving party's concise statement, will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

2 - ORDER

In so doing, the Magistrate Judge followed the local rule, but that does not end the matter.  Invoking L.R. 56.1(f) in this circumstance was tantamount to a *de facto* default judgment against Plaintiff for not filing a response to the motion for summary judgment.  The Ninth Circuit has disapproved of such a practice.  See Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993).

"Federal Rule of Civil Procedure 83 invites the district courts to formulate local rules, but only insofar as they are not inconsistent with the federal rules themselves." Id. at 949.  "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."  Hibernia Nat'l Bank v. Administracion Central Sociedad Anomina, 776 F.2d 1277, 1279 (5th Cir. 1985).  Even when there is no response to the motion for summary judgment, the moving party still must demonstrate that it is entitled to judgment as a matter of law.  Henry, 983 F.2d at 950.

Here, the evidence offered by Defendants did not establish certain critical facts asserted to be true in Defendants' concise statement of material facts.[2] Consequently, the court may not assume those facts to have been established, L.R. 56.1(f) notwithstanding.

/ / / /

/ / / /

---

[2] L.R. 56.1(c) requires that for each fact asserted in a concise statement of material facts, the "party must cite to a particular affidavit, deposition, or other document (indicating both page and line number references where appropriate) supporting the party's statement, acceptance, or denial of the material fact."

3 - ORDER

After reviewing the docket sheet, and the past communications between Plaintiff and the clerk's office, I was concerned that Plaintiff's military duties and resulting travel obligations may have hindered his ability to litigate this case. I attempted to schedule a telephone conference with the parties, to confirm that Plaintiff timely received the scheduling order and F&R but had decided not to respond to those documents.

The court was advised that Plaintiff was again residing at his home in Oregon. Multiple messages were left with an individual at Plaintiff's residence and also on an answering machine. Plaintiff never returned the calls. Efforts to contact Plaintiff at a second number were unavailing, as it had recently been changed to an unpublished listing.

Coupled with Plaintiff's failure to retain new counsel, or to respond to the motion for summary judgment or the F&R, it seems apparent that Plaintiff no longer wishes (or is unable) to pursue this action at the present time. Therefore, this action is dismissed, without prejudice, for failure to prosecute.

## Conclusion

The Findings & Recommendation (docket # 51) are not adopted. Instead, this action is dismissed, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

DATED this 7th day of July, 2006.

/s/ Owen M. Panner
_____
OWEN M. PANNER
UNITED STATES DISTRICT JUDGE

4 - ORDER